IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA.

CASE NO.: 2008-CA-004857-XXXX-MA

DIVISION:

DAVID L. BOYKIN,

Plaintiff,

DIVISION CV-G

vs.

DAVOL, INC., a Rhode Island
corporation;

C.R. BARD, INC., a New Jersey
corporation,

Defendants.

---

**COMPLAINT**

Plaintiff, DAVID L. BOYKIN, by and through his undersigned attorneys, sues the Defendants, DAVOL, INC. and C.R. BARD, INC.

**Parties**

1. At all times material, the Plaintiff, David L. Boykin, was and is a citizen of Duval County, Florida.

2. Defendant, DAVOL, INC. ("DAVOL"), is a corporation that is incorporated under the laws of the State of Rhode Island. DAVOL has its principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel Mesh Patches ("Kugel Patch") at 100 Sockanosset Crossroad, Cranston, Rhode Island. DAVOL focuses its business on products

in key surgical specialities, including hernia repair, hemostasis, orthopedics, and laparoscopy. DAVOL conducts business throughout the United States and further is registered to do business in the state of Florida, directly and indirectly through its agents and distributors to such an extent that it avails itself of the jurisdiction of this court.

3. Defendant, C.R. BARD, INC. ("BARD"), is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of DAVOL and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies DAVOL with material that forms part of the Kugel Patch. BARD conducts business throughout the United States and further is registered to do business in the state of Florida, directly and indirectly through its agents and distributors to such an extent that it avails itself of the jurisdiction of this court.

**Jurisdiction**

4. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs, and attorneys fees.

**Facts**

5. DAVOL designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed the Composix Kugel Mesh Hernia Patch (hereinafter "Kugel Patch") for use in repairing ventral and incisional hernias, the hernia mesh patch that was inserted into David L. Boykin's body.

6. Defendants carelessly and negligently distributed the Kugel Patch to physicians and hospitals in a defective and unsafe state.

7. The Defendants submitted their 510K Application to the Federal Drug Administration (hereinafter referred to as the "FDA") on January 22, 2001. Following this 510K Application, the Kugel Patch was authorized by the FDA as a Class II medical device.

8. On or about August 5, 2004, David L. Boykin underwent surgery at St. Vincent's Hospital in Jacksonville, Florida. A Bard® Composix® Kugel® Hernia Patch, LOT 43DOD300, REF 0010208 19.6cm x 24.6cm oval, was inserted for the repair of large multiple incisional hernias.

9. On or about December 22, 2005, Defendants issued an immediate recall of their product, the Kugel Patch.

10. A FDA Class I recall is issued for problems related to medical devices that are potentially life-threatening or could cause serious risk to health. The Kugel Patch was recalled due to a faulty "memory recoil ring" that can break under pressure. Incidents of ring migration, intestinal fistula, bowel perforation, and even death related to the Kugel Patch have been reported.

11. On or about December 14, 2006, David L. Boykin underwent surgery for the removal of the Kugel Patch. The graft was infected and a fistula was diagnosed. The memory recall ring was broken. Mr. Boykin was hospitalized for 284 days.

12. Neither David L. Boykin nor his physicians knew of the recall.

13. As a result of the failure of the Kugel Patch, David L. Boykin has suffered and will continue to suffer physical pain, scarring, and medical expenses.

14. DAVOL and BARD withdrew a large number of Kugel Patches as a result of the high complication and failure rate of the product. Upon information and belief, DAVOL and

BARD were aware of the defect in manufacture and design prior to the recall of their Kugel Patch.

**COUNT I**
**NEGLIGENCE**

15. David L. Boykin re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 - 14 as set forth herein.

16. Defendants were negligent to David L. Boykin in the following respects:

17. Defendants at all times mentioned had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings, and prepare for use the Kugel Patch.

18. The Defendants at all times knew or in the exercise of reasonable care should have known, that the Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold supplied, prepared and/or provided with the proper warnings, and were unreasonably likely to injure the Kugel Patch users.

19. The Defendants so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, and supplied the Kugel Patch, that they were dangerous and unsafe for the use and purpose for which it was intended.

20. The Defendants were aware of the probable consequences of the Kugel Patch. The Defendants knew or should have known the Kugel Patch would cause serious injury; they failed to disclose the known or knowable risks associated with the Kugel Patch. The Defendants willfully and deliberately failed to avoid those consequences, and in doing so, they acted in

conscious disregard of the safety of David L. Boykin.

21. Defendants owed a duty to David L. Boykin to adequately warn him and his treating physicians of the risks of breakage, separation, tearing, and splitting associated with the Kugel Patch and the resulting harm and risk it would cause patients.

22. Defendants breached their duty to David L. Boykin by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Kugel Patch.

23. As a direct and proximate result of the duties breached, the Kugel Patch used in David L. Boykin's surgery failed, causing David L. Boykin bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, economic loss, and aggravation of a previously existing condition. These losses are either permanent or continuing in nature and David L. Boykin will suffer these losses in the future.

WHEREFORE, David L. Boykin demands judgment for compensatory damages in excess of the minimal jurisdictional limits of this court, prejudgment and post judgment interest as allowed by law, costs, and demands trial by jury of all issues.

**COUNT II**
**STRICT PRODUCT LIABILITY**

24. David L. Boykin re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 14 and paragraph 23 as though fully set forth herein.

25. Defendants are strictly liable to David L. Boykin in the following respects:

26. DAVOL and BARD designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel Patch for hernia repair surgery.

27. The Kugel Patches subject to the Class I recall were defective because they failed to perform safe and effectively for the purpose they were originally designed. David L. Boykin's Kugel Patch was a Class I recalled device that failed while in his body causing him to develop serious physical complications which required subsequent, painful, and unnecessary removal surgery of his Kugel Patch.

28. At all times mentioned, the Kugel Patch was substantially in the same condition as when it left the possession of DAVOL, the Kugel Patch implanted into David L. Boykin was being used in a manner reasonably anticipated at the time it was implanted in him by his surgeon, and was intended by Defendants to be used without inspection for defects.

29. Furthermore, the Kugel Patch in David L. Boykin, at the time it left the possession of the Defendants, was inherently dangerous for its intended use and was unreasonably dangerous, which presented and constituted an unreasonable risk of danger and injury to David L. Boykin as follows:

a. The Kugle Patch was sold in a defective condition by design and manufacture;

b. The Kugel Patch as designed and manufactured was unsafe to David L. Boykin;

c. The Kugel Patch did not perform safely as an ordinary consumer/patient, David L. Boykin, would expect;

d. The Kugel Patch as designed and manufactured was unsafe for its intended use;

e. DAVOL AND BARD failed to warn the end user about the dangers and risk of the product;

f. DAVOL AND BARD knew the component parts of the Kugel Patch as implemented through design and/or manufacture could cause injury to the end user;

g. Failing to implement an adequate, safe, and effective "memory recoil ring" and/or its interactions with the mesh of the Kugel Patch to withstand the foreseeable stresses they would be subject to within the intra-abdominal space;

h. Failing to avoid migration of the Kugel Patch and/or its components from the initial site of the hernia repair surgery; and

i. Any other acts or failure to act by DAVOL AND BARD regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Kugel Patches for hernia repair surgery as well be learned during discovery.

30. In addition, at the time the Kugel Patch left the control of the Defendants, there were practical and feasible alternative designs that would have prevented and/or significantly reduced the risk of David L. Boykin's injuries without impairing the reasonably anticipated or intended function of the Kugel Patch. These safer alternative designs were economically and

technologically feasible, and would have prevented or significantly reduced the risk of David L. Boykin's injuries without substantially impairing the Kugel Patch's utility.

31. As a direct and proximate result, the Kugel Patch used in David L. Boykin's hernia repair surgery failed causing David L. Boykin bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical and nursing care and treatment. He has suffered past economic loss and will continue to suffer economic loss. He has suffered aggravation of a previously existing condition. David L. Boykin's injuries and damages are permanent and will continue in the future.

WHEREFORE, David L. Boykin demands judgment for compensatory damages in excess of the minimal jurisdictional limits of this court, prejudgment and post judgment interest as allowed by law, costs, and demands trial by jury of all issues.

**COUNT III**
**Breach of Implied Warranty**

32. David L. Boykin re-alleges and incorporates by references each and every allegation contained in paragraphs 1 through 14, paragraph 23, and paragraph 31 as though fully set forth herein.

33. The Defendants are liable to David L. Boykin for their breach of implied warranty.

34. The Defendants sold the Kugel Patch which was implanted in David L. Boykin. At the time that the Defendants manufactured, marketed, distributed, supplied, and/or sold the Kugel Patch they knew of the use for which is was intended and impliedly warranted it to be of merchantable quality and safe and fit for such use.

35. David L. Boykin and his physicians and health care providers reasonably relied on the Defendants' judgment, indications, and statements that the Kugel Patch was fit for such use.

36. When the Kugel Patches were distributed into the stream of commerce and sold, the Defendants knew they were unsafe for their intended use and not of merchantable quality, as warranted by the Defendants in that they had very dangerous propensities when used as intended and implanted into a patient's body where they could cause serious injury, harm, or death to the end user.

39. David L. Boykin suffered such injuries and damages as a result of the Defendants' breach of implied warranty.

WHEREFORE, David L. Boykin demands judgment for compensatory damages in excess of the minimal jurisdictional limits of this court, prejudgment and post judgment interest as allowed by law, costs, and demands trial by jury of all issues.

TERRELL HOGAN

Anita C. Pryor, #798916
233 East Bay Street, 8th Floor
Jacksonville, Florida 32202
(904) 632-2424
Attorney for Plaintiff