**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION**

DAVID L. BOYKIN, )
) Plaintiff, )
)
v. ) Civil Action No.: 3:08-cv-464-J-32MCR
)
DAVOL INC. and C.R. BARD, INC., )
)
Defendants. )
)

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC. AND C.R. BARD, INC. TO PLAINTIFF'S COMPLAINT**

Defendants Davol Inc. and C.R. Bard, Inc., (collectively "Defendants") by and through counsel, answer the Plaintiffs' Complaint (the "Complaint") as follows:

**Parties**

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

2. The allegations in Paragraph 2 of the Complaint are not directed at C.R. Bard, Inc. ("Bard"); therefore, no response is required. Davol Inc. ("Davol") admits that it is organized under the laws of the State of Delaware with its principal place of business at 100 Crossings Boulevard, Warwick, Rhode Island and that it has, at various times, conducted limited manufacturing of the Composix® Kugel® Patch in Rhode Island. Davol further admits that part of its medical device business focuses on hernia repair

prosthetics, including the Composix® Kugel® Hernia Patch. Davol further admits that it has done business in the State of Florida.

3. The allegations in Paragraph 3 of the Complaint are not directed at Davol; therefore, no response is required. Bard admits that is organized under the laws of New Jersey. Bard further admits that Davol is its subsidiary. Bard further admits that it has done business in the State of Florida. Bard denies the remaining allegations.

**Jurisdiction**

4. Defendants admit the requirements of 28 U.S.C. § 1332 have been met.

**Facts**

5. Davol admits that at various times it designed, manufactured, tested, advertised, marketed, sold and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "researched" and "promoted" beyond the meanings of "tested," "advertised" and "marketed" previously admitted and accordingly denies the allegations. Davol lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

6. The allegations in Paragraph 6 of the Complaint are conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

7. Defendants admit that Davol submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration ("FDA") approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

9. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

10. Defendants admit that the FDA characterizes a "Class I" recall as potentially life threatening or posing a potential for serious bodily harm. Defendants further admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place due to a potential for PET recoil ring breaking. Defendants further admit that Davol has received reports of ring migration, intestinal fistulae, bowel perforation and death.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

13. The allegations in Paragraph 13 of the Complaint are conclusions of law, and no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

14. Defendants deny the allegations contained in this paragraph.

**COUNT I**
**NEGLIGENCE**

15. In response to Paragraph 15 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

16. The allegations in Paragraph 16 of the Complaint are conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

17. The allegations in Paragraph 17 of the Complaint are conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

18. The allegations in Paragraph 18 of the Complaint are conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

19. The allegations in Paragraph 19 of the Complaint are conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

20. The allegations in Paragraph 20 of the Complaint are conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

21. The allegations in Paragraph 21 of the Complaint are conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

22. The allegations in Paragraph 22 of the Complaint are conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

23. The allegations in Paragraph 23 of the Complaint are conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT II**
**STRICT PRODUCTS LIABILITY**

24. In response to Paragraph 24 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

25. The allegations in Paragraph 25 of the Complaint are conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

26. Davol admits that at various times it designed, manufactured, distributed and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "assembled" and "conveyed" beyond the meanings of "manufactured" and "distributed" previously admitted and accordingly denies the allegations. Bard denies the allegations.

27. The allegations in Paragraph 27 of the Complaint are conclusions of law, and no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

28. The allegations in Paragraph 28 of the Complaint are conclusions of law, and no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

29. The allegations in Paragraph 29 of the Complaint, including its subparts (a) through (i), are conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

30. The allegations in Paragraph 30 of the Complaint are conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

31. The allegations in Paragraph 31 of the Complaint are conclusions of law, and no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

**COUNT III**
**BREACH OF IMPLIED WARRANTY)**

32. In response to Paragraph 32 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

33. The allegations in Paragraph 33 of the Complaint are conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

34. The allegations in Paragraph 34 of the Complaint are conclusions of law, and no response is required. To the extent a response is required, Davol admits that at various times it manufactured, marketed, distributed, supplied and sold the Composix®

Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard denies the allegations.

35. The allegations in Paragraph 35 of the Complaint are conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

36. The allegations in Paragraph 36 of the Complaint are conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.

39. The allegations in Paragraph 39 of the Complaint are conclusions of law, and no response is required. To the extent a response is required, Defendants deny the allegations.[1]

**AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. Plaintiff's Complaint should be dismissed for lack of proper venue.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

4. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar Plaintiff's claims against Defendants in whole or in part.

[1] Plaintiff inadvertently omitted paragraphs 37 and 38. For purposes of clarity and consistency, Defendants conformed their numbering to mirror the Plaintiff's Complaint.

6. Applicable statutes of limitations, statutes of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

7. Plaintiff's, or his agents', including his physicians', misuse or abnormal use of the product or failure to follow instructions bar Plaintiffs' claims in whole or in part.

8. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

10. If Plaintiff sustained any damages or injuries, which are denied, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

11. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

12. The learned intermediary doctrine bars Plaintiff's claims.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

17. If Plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of other persons or entities, such diseases, and/or such causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

In the alternative, under applicable provisions of statutory or decisional law (including but not limited to applicable Florida law), Defendants are entitled to a comparative apportionment of fault, if any, relative to the other Defendants (and Cross-Defendants) and/or third parties. To the extent Defendants' liability exceeds their relative share of responsibility, Defendants are likewise entitled to a judgment against those parties herein for contribution and/or indemnity or a percentage reduction in

accordance with the apportionment of their fault or liability or the fault or liability attributable to any other party, any person, or entity, including the Plaintiff and any party, person, or entity who has settled with the Plaintiff. In the alternative, Defendants are entitled to a setoff or dollar-for-dollar credit for any such settlements and any amounts received by Plaintiff from any source whatsoever with respect to the injuries and damages at issue in this suit.

18. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct these Defendants are not responsible; accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

19. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

20. Plaintiff failed to mitigate damages, which limits Plaintiff's recovery, if any, in whole or in part.

21. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to them.

22. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed

any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

23. Plaintiff's claims are barred in whole or in part by Plaintiff's own comparative negligence.

24. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

25. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

26. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

27. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendant's rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the Florida Constitution.

28. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated

defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Florida Constitution.

29. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under Florida and/or other applicable laws.

30. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

31. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Florida.

32. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Date: May 5, 2008

Respectfully submitted,

John M. Kvartek
Clark, Partington, Hart, Larry, Bond & Stackhouse
125 West Romana Street
Pensacola, Florida 32502
(850) 434-9200

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished by First Class U.S. Mail to Anita C. Pryor, Esq., 233 East Bay Street, 8th Floor, Jacksonville, FL 32202 this 5 day of May, 2008.

John M. Kvartek

A0341687